Per Curiam.

The plaintiff claims under the patent of Springfield, and the question between the parties depends on the just construction of that patent, in respect to one of its boundaries. The line in controversy is susceptible of being variously run, so as to exclude wholly, or to comprehend different parts of the premises. The parties have agreed to adopt the mode of survey directed by the court, and the plaintiff is to have judgment or not, according to the result. The first station given in the patent is not disputed. Us boundaries from thence are described by courses and distances, without any certain or natural monument until they come to the line in question. This line is also given by a course and distance, but is to run to Lake Otsego. The words are “ thence south 30 degrees, west 450 chains to the aforesaid lake.” It is found that the course thus given will run wide of the lake, and different modes of ascertaining the line have been suggested. One is to depart from the course so far as is necessary to strike the object with the least deviation, which would carry the line to the north-western extremity of the lake; another is, to run to a station at the lake, which would exactly correspond with the distance of chains ; a third is, to run to the nearest point in the northern extension of the lake; and a fourth is, to roa *352 *the course and distance as given, and to close by a supplementary line.
It is evident that a single line was here intended, and it was supposed this line, when run according to the course and distance expressed in the patent would reach the lake. The particular situation of the premises in relation to the lake was probably not well understood ; but the lake was the terminus ad quern, the defined object which the line was intended to reach. In order to carry this intent into effect, we must exclude the idea of a supplementary line, and. pursue a single course to the lake. For this purpose, a deviation from, the course is unavoidable. The least possible variation in order to touch the lake, would exceed three degrees, and would then strike the lake on its western instead of its northern extent. This could not have been intended, ■for it does not comport with the general position of the lake as viewed from the preceding station, and would require the next line to extend northerly, instead of running easterly and south-easterly along the banks of the lake, as described in the patent. It is therefore necessary to incline the course still further to the east; and the most material question is, whether it shall be drawn to its north-western extremity, or to that station which will correspond with the distance of chains. In determining on either of those stations, the deviation from the course given, does not appear to be the most important consideration. The magnetic course is subject to greater variation, and perhaps the most uncertain of any criterion that can be given. In the present case it must have been wholly mistaken, and must necessarily be abandoned to an extent which renders it no longer any sort of guide. Rejecting the course, and considering the lake as the great and natural object intended, no station appears to me more probable than the one which corresponds with the distance of chains. Its position is nearly central on the northern bank of the *lake, as opposite to the preced-* ing station, and as likely to have been in view from thence as any that can be named. It agrees with the number of chains, and in this respect conforms more than any *353 other to the description in the patent; and on the whole, in a case attended with so much uncertainty, no construction appears more equitable and probably more consistent with the intent of the grant. Another course, running to the nearest station approaching the north-eastern extremity of the lake has also been proposed, but there appears to be no circumstance which entitles it to a preference. It deviates from both course and,distance, and its general position with reference to the previous station seems less probable than the one already mentioned. We are, therefore, of opinion, under all the circumstances, that the line in question ought to be run to the station at the lake, (marked F. on the map accompanying the case,) which agrees with the number of chains, and more than any other with the description in the patent, and the probable intent of the grant.
Judgment accordingly.